UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY ANN CROOKS,

                          Plaintiff,

v.                                                Civil Action No. _____

ACCOUNT CONTROL TECHNOLOGY, INC.,

                          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Mary Ann Crooks is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Account Control Technology, Inc., (hereinafter "ACT") is a foreign business corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to for student loans. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

12. That in or about October 9, 2009, Defendant received her first contact from Defendant caller "Laurie Frost." In the subject conversation Defendant stated that if she did not agree to a payment schedule, her wages would be garnished at 25%. Plaintiff also threatened to have a lien placed on Defendant's home. Defendant responded by stating that the home was only in her husband's name and that he owned it prior to their marriage. The Plaintiff responded by telling the Defendant that since her husband married her, it was now his debt as well and that they could proceed with the lien against the home. Plaintiff asked Defendant to provide her with an address and Defendant refused. Defendant would only allow Plaintiff to make payments over the phone or through deductions from her bank account. Thereafter the conversation was terminated.

13. That in or about October 2009, Plaintiff never received the required 30-day validation notice within 5 days of the initial contact with Defendant.

14. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

15. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 14 above.

16. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff a 30-day validation notice within 5 days of the initial communication.

    B. Defendant violated 15 U.S.C. §1692e(4) and 15 U.S.C. §1692e(5) by threatening to garnish 25% of Plaintiff's wages if she did not agree to a payment schedule and

that a lien would be placed against Defendant's home despite it not being in her name and Defendant lacking authority and/or the ability to bring a lawsuit where by a judgment could be entered against the Defendant.

C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692f by refusing to give Plaintiff Defendant's address. Said action by Defendant was a false, deceptive, unfair, and unconscionable means to attempt to collect the subject debt.

17. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 22, 2010

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com